UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEON WASHINGTON, JR.,

    Petitioner,

v.

KYLE OLSON, *et al.*,

    Respondents.

Case No. 3:21-cv-00327-RCJ-WGC

**ORDER**

On July 29, 2021, Leon Washington, Jr., who is incarcerated at the Lovelock Correctional Center, in Lovelock, Nevada, submitted to this Court, for filing, a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5) and a motion for appointment of counsel (ECF No. 6). On September 7, 2021, the Court screened the petition and ordered it served on the respondents, and the Court granted Washington's motion for appointment of counsel. *See* Order entered September 7, 2021 (ECF No. 4). Appointed counsel appeared for Washington on October 4, 2021 (ECF Nos. 8, 9). Counsel has also appeared for the respondents (ECF No. 7).

On October 4, 2021, Washington, then proceeding with counsel, filed a motion for leave to file a first amended petition, with the proposed first amended petition attached (ECF Nos. 10, 10-1). On that same date, Washington also filed a motion requesting that the Court enter a scheduling order, and that the scheduling order provide time for him to file a second amended habeas petition. Respondents filed notices of non-opposition with respect to both motions (ECF Nos. 13, 14). Good cause appearing, the Court will grant the motions, and will enter a scheduling order.

///

///

///

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to File First Amended Protective Petition (ECF No. 10) is **GRANTED**. The Clerk of the Court is directed to separately file Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 10-1).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Scheduling Order (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the following schedule will govern further proceedings in this case:

Filing Fee. Petitioner will have 45 days from the date of this order to pay the $5 filing fee for this action, or to file an application to proceed *in forma pauperis*.

Second Amended Petition. Petitioner will have 120 days from the date of this order to file a second amended petition for writ of habeas corpus. The second amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition must state how, when, and where that occurred.

Response to Petition. Respondents will have 60 days following the filing of the second amended petition to file an answer or other response to the second amended petition.

Reply. Petitioner will have 45 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for

leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

      Evidentiary Hearing. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 22nd day of November, 2021.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE